UNITED STATES DISTRICT COURT
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CONSTELLATION NEWENERGY, INC., § § § | |
| *Plaintiff*, § | Civil Action No. 2:24-cv-08480-SDW-AME |
| § § | |
| v. § § | |
| 55 CHALLENGER RD KM LLC, § § | |
| *Defendant*. § § § § | |

**ORDER OF DEFAULT JUDGMENT
AND FINAL JUDGMENT**

THIS CAUSE is before the Court on Plaintiff, Constellation NewEnergy, Inc.'s ("Constellation") Motion for Default Judgment against Defendant, 55 Challenger Rd KM LLC ("55 Challenger"). Having considered Constellation's Motion for Default Judgment, the Declarations of Patrick Vogelei and Samuel J. Fishman (and exhibits thereto) in support thereof, and the pleadings and supporting documents on record herein, the Court enters the following Findings of Fact, Conclusions of Law, and Order.

**FINDINGS OF FACT**

1. On or around March 15, 2023, Constellation and 55 Challenger executed the Master Retail Electricity Supply Agreement and the New Jersey Transaction Confirmation, which together constitute a single integrated agreement between Constellation and 55 Challenger (together, the "Agreement").

2. Pursuant to the Agreement, 55 Challenger agreed to purchase and receive, and Constellation agreed to sell and supply, all of 55 Challenger's electricity requirements for its

1

account located at 55 Challenger Road, Ridgefield Park, New Jersey 07072 from April 18, 2023 through November 13, 2024.

3. 55 Challenger failed to pay the invoices submitted by Constellation pursuant to the Agreement.

4. 55 Challenger breached the Agreement by failing to pay $1,238,698.34, the total amount due and owing under the Agreement.

5. The time spent by Constellation's attorneys was reasonable considering the issues involved and the amount at stake.

6. The billing rate of Constellation's attorneys was reasonable in light of the customary charges of other attorneys for similar legal services and the skill and experience required of the attorneys to bring the claims against the 55 Challenger.

## CONCLUSIONS OF LAW

1. Constellation and 55 Challenger entered into a valid and enforceable Agreement.

2. 55 Challenger breached the Agreement by failing to pay all amounts due and owing under the Agreement.

3. Constellation has been damaged as a result of 55 Challenger's breach of the Agreement in the amount of $1,238,698.34.

4. Constellation is entitled to recover pre-judgment interest on the total amount owed by 55 Challenger from August 14, 2024 until the date of the entry of the judgment, at a rate of 1.50% per month, pursuant to the Agreement and under New Jersey law.

5. Constellation is entitled to recover post-judgment discovery on the total amount owed by 55 Challenger at the statutory rate prescribed by 28 U.S.C. § 1961(a) from the date immediately following the date of entry of the Judgment until the Judgment is satisfied in full.

6. Constellation incurred $37,157.69 in attorneys' fees as a result of 55 Challenger's breach of the Agreement.

## ORDER FOR JUDGMENT AND FINAL JUDGMENT

It is HEREBY ORDERED, ADJUDGED, AND DECREED that Constellation's Motion for Default Judgment is hereby GRANTED; it is further ORDERED, ADJUDGED, AND DECREED that this Judgment entitles Constellation to the following relief:

1. 55 Challenger shall pay to Constellation damages in the amount of $1,238,698.34 (the "Principal Balance").

2. 55 Challenger shall pay to Constellation its reasonable attorneys' fees and costs incurred in bringing this action in the amount of $37,157.69, plus any additional attorneys' fees and costs that may be incurred in an effort to collect this Judgment, and which may be added to the Judgment by this Court at any time upon showing by Constellation that such fees and costs have actually been incurred.

3. 55 Challenger shall pay to Constellation pre-judgment interest on the Principal Balance at a rate of 1.5% per month from August 14, 2024, until the date of entry of this Judgment.

4. 55 Challenger shall pay to Constellation post-judgment interest on the Judgment at the statutory rate prescribed by 28 U.S.C. § 1961(a) from the date immediately following the date of entry of the Judgment until the Judgment is satisfied in full.

5. Constellation shall immediately have all writs of execution and other process necessary to enforce and collect this Judgment.

The Court intends for this Judgment to be the Court's final, appealable judgment resolving all claims as to all parties in this case.

**ORDERED** this 19th day of December, 2024.

/s/ *Susan D. Wigenton*
HON. SUSAN D. WIGENTON, U.S.D.J.