<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

<table>
<tr><td>
CONSTELLATION NEWENERGY, INC.,<br><br>
               Plaintiff,<br><br>
v.<br><br>
55 CHALLENGER RD KM LLC,<br><br>
               Defendant.
</td>
<td>
Civil Action No. 24-08480 (SDW) (AME)<br><br>
**OPINION**<br><br>
April 20, 2026
</td></tr>
</table>

**WIGENTON**, District Judge.

Before this Court is Defendant 55 Challenger Road KM, LLC's, improperly pled as 55 Challenger RD KM LLC, ("Defendant") Motion (D.E. 10 ("Motion")) to Vacate the Default Judgment entered against it pursuant to Federal Rule of Civil Procedure ("Rule") 60(b).  This opinion is issued without oral argument pursuant to Rule 78.  For the reasons stated herein, Defendant's Motion is **DENIED**.

## I.     <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

On March 15, 2023, Plaintiff Constellation NewEnergy, Inc. ("Plaintiff") and Defendant entered into a contract where Plaintiff would supply all of Defendant's electricity requirements for the property located at 55 Challenger Road, Ridgefield Park, New Jersey 07072 from April 18, 2023 through November 13, 2024.  (D.E. 1 ("Compl.") ¶ 8.)  In 2023, Plaintiff began invoicing Defendant for the electricity and related services sold and supplied, however, Defendant failed to pay the amounts due and owing on the invoices.  (*Id.* ¶ 9.)

On October 5, 2023, Plaintiff sent a demand letter to Defendant, demanding that Defendant pay all past due amounts or Plaintiff would terminate the contract. (*Id.* ¶ 10.) On January 22, 2024, Plaintiff sent a final invoice to Defendant for $1,238,698.34, which Defendant failed to pay. (*Id.* ¶ 11.) Then on May 10, 2024, Plaintiff's attorneys sent a final demand letter to Defendant, however, Defendant failed to pay the invoice or otherwise respond to the demand letter. (*Id.* ¶ 12.)

On August 14, 2024, Plaintiff filed its Complaint against Defendant for breach of contract and unjust enrichment. (D.E. 1). On September 27, 2024, after two unsuccessful attempts to serve Defendant at its registered address, Plaintiff served the summons and Complaint with the New Jersey filing office. (D.E. 5.) Because Defendant failed to answer or otherwise respond, Plaintiff requested entry of default on November 6, 2024, which was granted by the Clerk of Court on November 7, 2024. (D.E. 6.) Plaintiff then moved for a default judgment on December 6, 2024, which this Court granted December 19, 2024. (D.E. 8, 9.) Approximately one year later, on December 10, 2025, Defendant filed a motion to set aside the default judgment. (D.E. 10.)

## II.   LEGAL STANDARD

Rule 55(c) permits a court to vacate a default judgment in accordance with Rule 60(b), a decision left to the trial court's discretion. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Rule 60(b) allows a court to set aside a default judgment for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

2

## III.    DISCUSSION

Defendant seeks to vacate the default judgment on multiple grounds.  First, Defendant argues that the default judgment must be vacated pursuant to Rule 60(b)(4) because this Court lacks personal jurisdiction over it, and thus, the default judgment was void.  In the alternative, Defendant contends that the default judgment should be vacated pursuant to Rule 60(b)(1) and (6).

### A.  Rule 60(b)(4)

Defendant argues that the default judgment was void because Plaintiff failed to properly serve them and thus, this Court never obtained proper jurisdiction over Defendant.[1]  Plaintiff counters that Defendant was properly served pursuant to New Jersey's Revised Uniform Limited Liability Company Act ("RULLCA").

Under Rule 4(h)(1), an LLC, when served in the United States, must be served either (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A), (B).  Rule 4(e)(1) requires effecting service pursuant to the law "in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  Under New Jersey law, for LLCs, the RULLCA authorizes the State filing office to accept service as an agent if a plaintiff demonstrates " 'reasonable diligence' in attempting to serve the registered agent or registered address."  *MTAG v. Tao Invs., LLC*, 299 A.3d 833, 841 (N.J. Super. Ct. App. Div.

---

[1] Defendant further argues that relief is appropriate because Plaintiff did not mail a copy of the notice of default judgment or motion for default judgment.  This argument is unavailing as Defendant relies on New Jersey Court Rules, however, the Federal Rules govern procedure in federal court.  *See* Fed. R. Civ. P. 1.  Furthermore, Plaintiff asserts that it served a copy of the motion for default judgment by mail to Defendant, which Defendant did not dispute because it failed to file a reply brief.

2023); N.J. Stat. Ann. 42:2C-17(b).  When the State filing office is served pursuant to the RULLCA, the statute creates a presumption of effective service.  *Id.*; N.J. Stat. Ann. 42:2C-17(d).

Here, this Court finds that Plaintiff demonstrated "reasonable diligence" as Plaintiff attempted to serve Defendant twice at Defendant's registered address before effectuating service with the New Jersey filing office.  As such, pursuant to the RULLCA, Defendant was presumed to have been served and therefore, this Court obtained personal jurisdiction over Defendant.  *See Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant").  Accordingly, the default judgment was not void because at all relevant times this Court had personal jurisdiction over Defendant.

### B.  Rule 60(b)(1)

A party may be entitled to relief from a default judgment under Rule 60(b)(1) upon a showing of "mistake, inadvertence, surprise or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  A court's decision to grant a motion pursuant to Rule 60(b)(1) is discretionary.  *$55,518.05 in U.S. Currency*, 728 F.2d at 194 (quoting *Tozer*, 189 F.2d at 245).  In exercising that discretion, though, a district court must consider the following factors: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions."  *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73–74 (3d Cir. 1987) (collecting cases).

This Court first considers whether Defendant has set forth a meritorious defense as this factor is treated as a threshold issue.  *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006) ("[W]e consider the meritorious-defense factor the threshold issue in opening a default judgment") (citing *Hritz v. Woma Corp.*, 732 F.2d 1178,

4

1181 (3d Cir. 1984)).  Without a meritorious defense, there would be no point in vacating an entry of default judgment because the defendant would have no likely basis to succeed at trial.  *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

The showing of a meritorious defense is accomplished when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action."  *Id.* (internal quotation omitted).  "Simple denials or conclusory statements" are insufficient to show a meritorious defense.  *Id*.  Here, Defendant contends that it has a meritorious defense because although it admittedly owes some amount to Plaintiff, Defendant contests the amount sought by the default judgment.  This Court finds that Defendant fails to demonstrate a meritorious defense because simply refuting the amount owed is not a complete defense to the action; "at most, it would only affect the amount of the judgment, not the fact of it."  *See Trs. of UFCW Loc. 152 Health & Welfare Fund v. Avon Food, Inc.*, No. 17-2178, 2019 WL 417047, at *4 (D.N.J. Feb. 1, 2019); *see also DirecTV, LLC v. Alvarez*, No. 15-06827, 2017 WL 4284526, at *2 (D.N.J. Sept. 27, 2017) (finding that a defense to the amount of damages is not a complete defense).

Although this Court finds that Defendant fails to present a meritorious defense, the Court will briefly consider the remaining *Emcasco* factors.  First, Plaintiff does not argue that it would be prejudiced if the default judgment is vacated, thus this factor weighs in Defendant's favor. Next, this Court considers whether Defendant's conduct is excusable or culpable.  Culpable conduct includes conduct that constitutes "willfulness or bad faith" and is "more than mere negligence."  *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 142 (3d Cir. 2017).  Although "innocent mishaps or mere mistakes" do not show culpable conduct, "[r]eckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard."  *Nationwide*

*Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984)).

Defendant argues that its conduct was excusable because it never received notice of the lawsuit. However, this Court has determined that Defendant was properly served. Additionally, Defendant was aware of the balance owed to Plaintiff and received multiple communications regarding its past due invoices. (D.E 8.) Defendant also received notice that Plaintiff would initiate legal proceedings if it failed to pay its outstanding balance. (D.E. 8-9.) Furthermore, Defendant admits that a simple public records search revealed the existence of the judgment. (D.E. 10.) Defendant, a sophisticated business entity, was aware that Plaintiff threatened legal action and failed to inquire and follow up on the matter or otherwise investigate. This represents more than an innocent mishap or mere mistake. Accordingly, Defendant bears at least some degree of culpability for the default judgment entered in this case.

Lastly, this Court will consider the effectiveness of alternative sanctions.[2] One federal court has found it appropriate to vacate a default judgment only as to the amount of damages when the movant has presented a partial defense. *See DirecTV, LLC*, No. 15-06827, 2017 WL 4284526, at *3. However, this case differs as the court in *DirecTV, LLC* found that although defendant failed to present a complete defense, two *Emcasco* factors weighed in favor of vacating the default judgment. Here, this Court has found that only one prong (prejudice to Plaintiff) weighs in favor of vacating the default judgment. In addition to failing to set forth a complete defense, Defendant's conduct was also culpable. As such, this Court finds that the absence of a meritorious defense and the presence of culpable conduct by Defendant are sufficient in this case to uphold the default judgement rather than imposing alternative sanctions.

---

[2] This Court notes that neither party addresses the fourth *Emcasco* factor—the effectiveness of alternative sanctions.

### C. Rule 60(b)(6)

Rule 60(b)(6) allows a court to vacate a default judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). To obtain relief, the movant must meet a "high" standard. *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014). The movant must show that "extraordinary circumstances" justify vacating the default judgment. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (explaining that courts should consider whether a movant has shown that "extreme and unexpected hardship will result" if the default judgment is not vacated).

Here, there are no extraordinary circumstances to justify vacating the default judgment. Critically, Defendant does not attempt to assert any extraordinary circumstances or extreme hardship. At the most, Defendant argues that it is harmed by the amount of the default judgment since the amount due is more than what Defendant owes. However, Defendant's admitted failure to pay Plaintiff's invoices negates a finding that extraordinary circumstances warrant the default judgment to be set aside. *See Id.* (noting that extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices). Accordingly, relief under Rule 60(b)(6) is not warranted.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Vacate Default Judgment is **DENIED**. An appropriate order follows.

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    André M. Espinosa, U.S.M.J.
       Parties

7